## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

TRUSTEES OF THE RODMAN LOCAL 201  :
PENSION, WELFARE, VACATION AND  :
APPRENTICE FUNDS  :
6009 Oxon Hill Road, Suite 416  :
Oxon Hill, Maryland 20745  :
  :
  and  :
  :
TRUSTEES OF THE MID-ATLANTIC STATES :
DISTRICT COUNCIL PARTICIPATING  :
LOCALS ANNUITY FUND  :
3321 Shenandoah Avenue, NW  :
Roanoke, Virginia 24017  :
  :
  and  :
  :
LOCAL UNION NO. 201, INTERNATIONAL :  Civil Action No.:
ASSOCIATION OF BRIDGE, STRUCTURAL, :
ORNAMENTAL & REINFORCING  :
IRONWORKERS  :
1507 Rhode Island Avenue, N.E.  :
Washington, D.C. 20017  :
  :
  v.  :
  :
LYN-PHILL CONSTRUCTION LLC  :
7826 Eastern Avenue, NW, LL-1  :
Washington, D.C. 20012  :
  :
  Serve: Jaime Ramos  :
     Registered Agent  :
     7826 Eastern Avenue, N.W., LL-1 :
     Washington, D.C. 20012  :
  :
  :

## COMPLAINT
### (TO RECOVER AMOUNTS OWED TO EMPLOYEE BENEFIT FUNDS AND UNION AND FOR BREACH OF SETTLEMENT AGREEMENT)

Plaintiffs, pursuant to Federal Rule of Civil Procedure 8(a), hereby allege the following:

## PARTIES

1.      Plaintiff Trustees of the Rodman Local 201 Pension, Welfare, Vacation and Apprentice Funds ("Rodman Funds") are Trustees of employee benefit plans as that term is defined in section 3(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(3).  The Rodman Funds are established and maintained according to the provisions of their respective Agreements and Declarations of Trust. The Rodman Funds are administered at 6009 Oxon Hill Road, Suite 416, Oxon Hill, Maryland 20745.  The Board of Trustees is a designated fiduciary in accordance with the Rodman Funds' Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

2.      Plaintiff Trustees of the Mid-Atlantic States District Council Participating Locals Annuity Fund ("Annuity Fund") are Trustees of an employee benefit plan as that term is defined in section 3(3) of ERISA, 29 U.S.C. § 1002(3).  The Annuity Fund is established and maintained according to the provisions of its Agreement and Declaration of Trust.  The Annuity Fund is administered at 3321 Shenandoah Avenue, Roanoke, Virginia 24017.  The Board of Trustees is a designated fiduciary in accordance with the Annuity Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Plaintiffs set forth in Paragraphs 1 and 2 of this Complaint are referred to collectively as the "Benefit Fund Plaintiffs."

3.      Plaintiff Local Union No. 201, International Association of Bridge, Structural, Ornamental & Reinforcing Ironworkers ("Local 201") is an unincorporated labor organization, as that term is defined in section 2(3) of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 152(2). Local 201 represents employees in an

2

industry affecting commerce as those terms are defined in Section 2(3) and (7) of the LMRA, 29 U.S.C. §§ 152(3) and (7).  Local 201 is located at 1507 Rhode Island Avenue, N.E., Washington, D.C. 20017.

4.      Defendant Lyn-Phill Construction LLC ("Lyn-Phill" or "Defendant") is a corporation organized under the laws of the District of Columbia authorized to do business in the District of Columbia.

5.      The Defendant transacts business as a contractor or subcontractor in the iron working industry and at all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(1) and (3) and 2(2) of the LMRA, 29 U.S.C. §§ 142(1) and (3) and 152(2); Sections 3(5), (9), (11), (12) and 914) of ERISA, 29 U.S.C. §§ 1002(5),(9), (11), (12) and (14); and Section 3 of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

## JURISDICTION AND VENUE

6.      This is an action to recover amounts due to employee benefit plans and a union under the terms of a collective bargaining agreement, trust agreements and settlement agreement.  This Court has subject matter jurisdiction under §§ 502(a)(3), (g) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (g) and 1145, under Section 301 of the LMRA, 29 U.S.C §185, and supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367.

7.      This Court has personal jurisdiction over the Defendant pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(e)(2), and D.C. Code Ann. § 13-422.

8.     Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and 28 U.S.C. § 1391(b).

## COUNT I
### (AMOUNTS OWED TO BENEFIT FUND PLAINTIFFS)

9.     The Benefit Fund Plaintiffs hereby restate and incorporate by reference the allegations set forth in Paragraphs 1 through 8 as if fully set forth in this Count I.

10.     Defendant Lyn-Phill has been bound at all relevant times to a collective bargaining agreement with Local 201 that governs the wages, benefits and terms and conditions of employment of certain employees performing work for the Defendant.

11.     Pursuant to the Collective Bargaining Agreement between Local 201 and Lyn-Phill, the Defendant agreed to pay to the Benefit Fund Plaintiffs certain sums of money for each hour worked by employees of the Defendant performing work covered by the Collective Bargaining Agreement and in conformity with the Restated Agreements and Declarations of Trust establishing the Rodman Funds and the Agreement and Declaration of Trust establishing the Annuity Fund ("Trust Agreements").

12.     Pursuant to the Collective Bargaining Agreement, the Defendant is obligated to provide a remittance report to the Benefit Fund Plaintiffs each month to show the hours worked and the monies owed.

13.     The Defendant failed to submit remittance reports or contributions owed to the Benefit Fund Plaintiffs for work performed in December 2015. Since Defendant failed to remit the required report, the amount of contributions owed to the Benefit Fund Plaintiffs for December 2015 is unknown at this time.

14.     The Restated Agreements and Declarations of Trust establishing the Rodman Funds and the collection and audit procedure for the Rodman Funds, adopted by

the Trustees, provide that an employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be obligated to pay liquidated damages at the rate of 10% of the amount of contributions due and interest at the rate of 1.5% per month from the date due through the date of payment.

15.     The Defendant has failed to pay contributions timely to the Rodman Funds for December 2015.  The Defendant owes the Rodman Funds liquidated damages and interest for those late payments.

16.     The Agreement and Declaration of Trust establishing the Annuity Fund provides that an employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be obligated to pay liquidated damages at the rate of 20% of the amount of contributions due and interest at the rate of 12% per annum from the date due through the date of payment.

17.     The Defendant has failed to pay contributions timely to the Annuity Fund for December 2015.  Defendant owes liquidated damages and interest for those late payments.

**COUNT II**
**(FOR PAYROLL AUDIT)**

18.     The Benefit Funds Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 17 as if fully set forth in this Count II.

19.     An audit of the Defendant's records from January 2013 through the present will permit the Benefit Fund Plaintiffs to determine whether the Defendant is properly reporting the number of employees working under the Collective Bargaining Agreement, the proper number of hours worked by the employees, the correct contribution rates and the correct amount owed to each Benefit Fund Plaintiff.

5

20.     Under the terms of the Collective Bargaining Agreement and the Trust

Agreements, the Benefit Fund Plaintiffs are entitled to conduct an audit of the

Defendant's payroll and related records.

## COUNT III
### (UNPAID AMOUNTS OWED TO A LABOR ORGANIZATION)

21.     Local 201 hereby restates and incorporates by reference the allegations set

forth in Paragraph 1 through 20 as if fully set forth in this Count III.

22.     The Defendant employed certain employees covered by the Collective

Bargaining Agreement it entered into with Local 201 who authorized a deduction of

working assessments.  The Defendant failed to forward those payments to Local 201 for

at least the month of December 2015.

## COUNT IV
### (UNPAID CONTRIBUTIONS, WORKING ASSESSMENTS, DAMAGES AND INTEREST OWED TO EMPLOYEE BENEFIT FUND PURSUANT TO SETTLEMENT AGREEMENT)

21.     Plaintiffs hereby restate and incorporate by reference the allegations set

forth in Paragraph 1 through 20 as if fully set forth in this Count IV.

22.     On August 18, 2015, the Defendant and the Plaintiffs entered into a

Settlement Agreement.

23.     The terms of the Settlement Agreement required the Defendant to make

payments, due on the 1st of each month, to the Plaintiffs.

24.     The Defendant has breached its obligation to make monthly payments to

the Plaintiffs as required by the Settlement Agreement.

25.     Pursuant to the terms of the Settlement Agreement, the Plaintiffs are

entitled to judgment in the principal sum of $12,168.35, liquidated damages in the

amount of $1,347.63, and interest from the date payments were due through the date paid, less the principal amount of any payments actually received by the Plaintiffs from the Defendant.

**WHEREFORE**, Plaintiffs pray judgment against the Defendant as follows:

A.     For unpaid contributions due and owing to the Benefit Fund Plaintiffs for work performed during the month of December 2015.

B.     For liquidated damages for late and unpaid contributions owed as provided for in the Trust Agreements and pursuant to 29 U.S.C. § 1132(g)(2).

C.     For a Court Order requiring Defendant to submit all payroll books and records to the Benefit Fund Plaintiffs for an audit, at the Defendant's expense, for the period of January 2013 through and including the date of judgment.

D.     For all amounts owed to its employees and the Union under the terms of the Collective Bargaining Agreement through and including the date of judgment.

E.     For the remaining principal sum and liquidated damages owed to the Plaintiffs under the Settlement Agreement.

F.     Interest, costs, audit fees, and reasonable attorneys' fees as required by 29 U.S.C. § 1132(g)(2), the Benefit Funds' Restated Agreements and Declarations of Trust, and the Settlement Agreement up to the date of judgment.

G.     Such further relief as the Court deems appropriate.

Respectfully submitted,

Dated: February 1, 2016          By:

Ellen O. Boardman (Bar No. 375563)
**O'DONOGHUE & O'DONOGHUE LLP**
4748 Wisconsin Avenue, N.W.
Washington, D.C. 20016
Telephone: (202) 362-0041
Facsimile: (202) 327-1200
eboardman@odonoghuelaw.com

*Attorney for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing Complaint to be served by certified mail in accordance with the requirements of Section 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 1st  day of February, 2016, on the following:

> The Office of Division Counsel
> Associate Chief Counsel (TE/GE) CC:TEGE
> Room 4300
> 1111 Constitution Avenue
> Washington, DC  20224
>
> Secretary of Labor
> 200 Constitution Ave., N.W.
> Washington, DC  20210
>
> Attention:  Assistant Solicitor for
>                   Plan Benefits Security

_____
Ellen O. Boardman

268983_1.